PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FRANCISCO PAMIES, Defendant and Appellant.

No. 3813. Argued November 14, 1929.—Decided November 26, 1929.

*Pedro Baigés Gómez,* for appellant. *R. A. Gómez,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the finding of a grand jury an indictment was filed on October 14, 1925, against Francisco Pamies, charging him with manslaughter committed in the person of José Esmoris on June 17, 1925.

The defendant was arraigned and pleaded not guilty, and on December 28, 1925, the district attorney filed a motion for a change of venue on the following grounds:

"That notwithstanding the evidence, which is clear and convincing, contains all the elements constituting the crime of murder in the first degree, as shown by the stenographic notes taken during the investigation by the grand jury and which appear from the record in the present case and are made a part of this motion, the grand jury brought an indictment for voluntary manslaughter.

"That the undersigned district attorney, on information and belief, alleges that the relatives of the defendant who reside in San Germán are people of great influence in this district, not only because of their social and financial standing, but also because of their political prestige, and have taken a lively interest in the present case.

"That the jurors of this district are under the influence of the defendant, his friends and relatives, to such an extent that comments and rumors are heard everywhere to the effect that he will be acquitted, owing to his influence.

"That besides defendant's acquaintance and connection with the jurors of the District of Aguadilla, which is the nearest, he has also very close and influential relatives in said district.

"That, due to the fact that the deceased, José Esmoris was a Spaniard and the accused Francisco Pamies is a Porto Rican, the assertion has been propagated in these districts that this is a case of Spaniards as against Porto Ricans, and on that account success has been attained in prejudicing the people of these communities against the interest of The People of Porto Rico in meting out justice.

"That this case has greatly stirred public opinion, not only in this district, but in the two adjacent districts of Ponce and Aguadilla, due to the fact that both, the accused and the victim; were very well known in said districts, owing to their social and commercial standing therein and their commission business, which required them to travel about frequently in the aforesaid districts."

The motion of the district attorney, which is verified and has attached to it affidavits and stenographic notes—not in-

corporated in the transcript of the record sent up to this court—was opposed by the defendant, who denied the allegations made by the prosecution, and partially said:

"On similar grounds the defendant is opposed to a change of venue to any district other than that of Aguadilla, assuming that it will be satisfactorily proved that there are just grounds for a change of venue."

On January 8, 1926, the motion was heard, both parties appearing, and the court "after hearing the evidence introduced," ordered the transfer of the cause to the District Court of Aguadilla "this being the nearest court."

After a trial in that court, the jury, on May 26, 1927, found defendant guilty of voluntary manslaughter and recommended mercy in pronouncing sentence.

Defendant moved for a new trial on the ground that the court had committed several errors in passing upon certain questions which arose during the introduction of the evidence at the trial, and because the verdict was contrary to the evidence. The court overruled the motion and sentenced defendant to five years at hard labor in the penitentiary. Thereupon the defendant appealed and bail was fixed at two thousand dollars for his release.

The accused has appealed jointly from the judgment of conviction, the order denying his motion for a new trial and the decision granting a change of venue. The transcript of the record which, as already stated, does not contain the affidavits and notes which were attached to the motion for a change of venue, nor the record and evidence on which the motion for a new trial was based, consists only of nineteen typewritten pages, double spaced, and took seventeen months to reach the office of the secretary of this court. We mention this fact, because it shows an unjustifiable delay in the administration of justice—a thing which should not be permitted by those who are bound to impart it properly and equally to all—and the delay is the more to be noticed because the appeal involved is entirely frivolous.

The judgment is responsive to the indictment and the verdict, and the sentence imposed is within the limits authorized by law.

It is impossible to review the order denying the motion for a new trial, because the proceedings on the motion and the evidence on which the latter was based do not appear from the transcript herein.

In the brief only the motion for a change of venue is discussed, and it is argued that the motion is legally insufficient because it fails to set forth any specific allegations justifying the change of venue.

Apart from the fact that the affidavits and the stenographic notes on which that motion was based—which affidavits and notes might perhaps refer to specific facts relevant to the motion—were not incorporated in the transcript, we think that the grounds alleged in support of the motion are sufficient and that no abuse of discretion on the part of the district judge in granting it, which is the only contingency that would justify a reversal of his order, has been shown.

The orders and judgment appealed from must be affirmed.